UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

CURWOOD L. PRICE,

                Plaintiff,                      Case No. 05-71403

vs.                                  HONORABLE BERNARD A. FRIEDMAN

                                         HONORABLE STEVEN D. PEPE

PATRICIA CARUSO,

                Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE (#3) AND
DIRECTING PLAINTIFF TO SHOW CAUSE REGARDING
MOTION FOR EVIDENTIARY HEARING (#4)

The Court has reviewed Plaintiff's *Motion To Expedite* (#3) and *Motion For Evidentiary Hearing* (#4). Having considered these motions, and for the reasons stated below, Plaintiff's *Motion To Expedite* is DENIED AS MOOT and Plaintiff is directed to show cause, on or before September 30, 2005, why an evidentiary hearing is necessary as described below.

Plaintiff filed his *Motion To Expedite* on April 11, 2005, asking this Court to "advance/expedite all proceedings in this immediate cause of action where Plaintiff(s) on or before February 9, 2005," so that Plaintiff could submit the paperwork necessary to request that the "Warden of JMF" provide him with Passover Seder dinner. Pursuant to prison policy, the paperwork had to be turned in by February 9, 2005, in order to have the Seder dinner on April 10, 2005, as Plaintiff stated was his desire. On the date Plaintiff filed his motion, April 11, 2005, the paperwork was more than two months past due and, in fact, the date the Passover Seder dinner was

to occur, April 10, 2005, was the day before the motion was filed, making the relief requested impossible to grant.  Therefore, Plaintiff's motion was at all times moot, and is DENIED.

Plaintiff's Motion For An Evidentiary Hearing requests that the Court "hold an evidentiary hearing in this matter to present and PRESERVE EVIDENCE." (Dkt. #4).  Yet, it contains no information to indicate why such a hearing is required.  Therefore, Plaintiff is directed to provide this Court and the Defendants with a list of the potential witnesses and/or documentary evidence he expects to present at any evidentiary hearing along with:

    (a.)    in the case of witness testimony - a brief statement of the anticipated testimony from each witness to assist in determining whether the motion should be allowed and whether some witnesses are unnecessary or redundant; and

    (b.)    a statement of what contact Plaintiff has had with each proposed witness, and an indication of how he anticipates presenting their testimony, and if the witness is a non-inmate, non-party witness, whether they have agreed to appear voluntarily at any evidentiary hearing or will need to be subpoenaed.[1]

    ©.)    in the case of tangible evidence - a brief description of the document/item and a statement as to why regular discovery methods are insufficient to obtain and preserve the evidence.

---

[1] The grant to Plaintiff of  *in forma pauperis* status does provide for the U.S. Marshal to serve process including service of subpoenas.  But a subpoena to be valid must have an accompanying payment of the $40.00/ day witness fee and $0.405/mile round trip travel fee.  *Pro se* plaintiffs are generally responsible for these witness expenses unless the witness waives them and, as stated above, *in forma pauperis* status does not entitle one to have these fees paid or waived by the court.  In the absence of waiver by the witness, this Court will not order the Marshal to serve invalid subpoenas.

Plaintiff's failure to provide the requested information on or before September 21, 2005, will result in the dismissal of Plaintiff's Motion For An Evidentiary Hearing.

SO ORDERED.

Dated: September 9, 2005                          s/Steven D. Pepe
Ann Arbor, Michigan                              United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Order was served upon parties of record by electronic means or U. S. Mail on September 09, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk