UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

CURWOOD L. PRICE,

        Plaintiff,                               Case No. 05-71403

vs.                                          HONORABLE BERNARD A. FRIEDMAN, CHIEF JUDGE

                                                 HONORABLE STEVEN D. PEPE

PATRICIA CARUSO,

        Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTIONS FOR EVIDENTIARY HEARING (#4),
CONTEMPT OF COURT (#21), AND FOR DISCOVERY (#18)
AND ANSWERING MOTION FOR GUIDANCE (#17)

      Plaintiff filed this action on September 29, 2005, pursuant to 28 U.S.C § 2201, alleging that defendant Patricia Caruso, as the director of the Michigan Department of Corrections (MDOC), violated his freedom of religion by disallowing inter-complex travel for prisoners thereby preventing the prisoners in the two complexes at issue from reaching the minimum number of participants required to hold the annual Passover Seder Dinner and weekly Sabbath services (Dkt. # 1, Complaint, p. 2).[1]

      All pretrial proceedings have been referred for hearing and determination. Plaintiff has filed a *Motion For Evidentiary Hearing* (Dkt. #4) and related *Answer to Show Cause* (Dkt. # 20), *Complaint For Contempt of Court* (Dkt. #21), *Motion For Guidance* (Dkt. # 17), and *Motion For*

---

[1] The Complaint also alleges that Defendant violated a court order issued in a separate case by refusing to cater Seder Dinner or allow Jewish inmates to have 2 guests at such (Dkt. #1, Complaint, p. 3).

1

*Discovery* (Dkt. #18).

Plaintiff's Motion For An Evidentiary Hearing requests that the Court "hold an evidentiary hearing in this matter to present and PRESERVE EVIDENCE." As pointed out in the Order to Show Cause, the motion contained no information to indicate why such a hearing was required. Therefore, Plaintiff was directed to provide this Court and the Defendants with a list of the potential witnesses and/or documentary evidence he expected to present at a evidentiary hearing.

In his *Answer to Show Cause* Plaintiff explained that the intent of the evidentiary hearing was to show that MDOC staff had been retaliating against him since April 26, 2004, "in the hopes that the Court would then direct the U.S. Attorney's Office to seek action against the Defendant and those employees involved in the retaliation" (Dkt. #20, p. 2), and not to present and preserve evidence on the claims in his complaint as originally indicated in Plaintiff's *Motion For Evidentiary Hearing* (Dkt. #4).[2]

Plaintiff filed the complaint in this matter in September 2005, more than a year after the retaliation is alleged to have started, yet Plaintiff does not allege retaliation in his complaint. Nor does Plaintiff indicate that he filed any grievances through the MDOC grievance system with regard

---

[2] Plaintiff does not indicate what he believes motivated the MDOC representatives to retaliate against him, but alleges that he was subjected to numerous medically related retaliatory actions. Plaintiff also alleges that an outside volunteer to whom he has corresponding to "acquire assistance...and to provide information concerning this litigation," Rabbi Nerenberg, had his volunteer status revoked on March 15, 2005, for his involvement with Plaintiff (Dkt. # 20, 7-8).

to these complaints.[3]  The Prison Litigation Reform Act precludes the Court from addressing concerns regarding prison conditions unless and until Plaintiff goes through the MDOC grievance system.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002)(exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).[4]  Plaintiff failed to provide any information regarding any witness(es) or documentary evidence that he could present at the requested evidentiary hearing in support of the claims in his complaint.  Therefore, Plaintiff's motion must be DENIED.

In his *Complaint For Contempt of Court* Plaintiff asks that two individuals that are not parties, "A.R.U.S." Weathersby and McRae, be held in contempt of court for allegedly refusing to process his outgoing mail.  Yet, as stated above, the Prison Litigation Reform Act precludes the Court from addressing concerns regarding prison conditions unless and until Plaintiff goes through the MDOC grievance system.  42 U.S.C. § 1997e(a); *Ziegler,* 2003 WL 21369254, *6 (plaintiff may not use an ongoing lawsuit over past events to circumvent the grievance process for subsequent perceived wrongs).  Plaintiff has failed to show that he has exhausted the grievance process with

---

[3]Plaintiff did attach several grievances to his motion without explanation, but a review of these grievances reveals that they do not allege retaliatory conduct or even religious discrimination and do not name Defendant.  *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)(for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the specific defendant at Step I of the grievance process.).

[4]Even if Plaintiff properly files grievances for these claims the proper method for bringing these claims before the court would be a motion to amend the complaint, which may or may not be successful, *see Baxter v. Rose,* 305 F.3d 486 (6th Cir. 2002), or a separate lawsuit, and not an evidentiary hearing.  An evidentiary hearing would be used only to gather evidence to support Plaintiff's currently pled claims and only if traditional methods of discovery are shown to be unsatisfactory.

respect to these claims Plaintiff's complaint for contempt. These two individuals are not parties to this litigation, nor have they violated any orders of this Court. Plaintiff's request for contempt is, therefore, DENIED.

Plaintiff's *Motion For Discovery* requests an order that Defendant produce documents pursuant to Fed. R. Civ. Proc. 26. Yet Plaintiff has never served Defendant with a discovery request seeking the documents in question and instead assumes that it is "without question that the Defendant will not provide" the documents "without this Court['s] assistance" (Dkt. #18, p. 2). There has been no showing of a refusal on Defendant's part to comply with discovery in this matter, and until that occurs no order should be entered requiring compliance. Therefore, Plaintiff's motion is DENIED as premature

Plaintiff's *Motion For Guidance*, which the undersigned interprets as a permissible request for clarification of court procedures, requests information regarding any alternate methods which may be available for securing the attendance of witnesses where a party is unable to afford the mandatory witness fees. The Court does not administer any funds that can be used for this purpose, but will arrange for a writ of *habeas corpus ad testificandum* so that any incarcerated witnesses can be transported to court to testify. The undersigned also notes that witnesses may waive their right to a witness fee. The Court will not order witnesses brought to court unless they indicate a willingness to testify without being paid their witness fee.

SO ORDERED.

Dated: November 15, 2005                                s/Steven D. Pepe
Ann Arbor, Michigan                                     United States Magistrate Judge

4

Certificate of Service

    I hereby certify that a copy of this Order was served upon the parties of record by electronic means or U. S. Mail on November 15, 2005.

                                                  s/William J. Barkholz  
                                                  Courtroom Deputy Clerk