**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CURWOOD L. PRICE,

    Plaintiff,                                    Case No. 05-71403

vs.                                          CHIEF JUDGE BERNARD A. FRIEDMAN,
                                               HONORABLE STEVEN D. PEPE

PATRICIA CARUSO,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER (Dkt. #65)

Plaintiff filed this action on September 29, 2005, pursuant to 28 U.S.C §2201, alleging that defendant Patricia Caruso, as the director of the Michigan Department of Corrections (MDOC), violated his freedom of religion by disallowing inter-complex travel for prisoners thereby preventing the prisoners in the two complexes at issue from reaching the minimum number of participants required to hold the annual Passover Seder Dinner and weekly Sabbath services (Dkt. # 1, Complaint, p. 2).[1]

All pretrial proceedings have been referred to the undersigned. The undersigned has reviewed Plaintiff's motion for a temporary restraining order. In this motion Plaintiff requests that this court prevent Defendant from "closing or abandoning" the central complex at Jackson (JMF) due to the presence of a Holy Torah that he argues requires very special handling in order to be removed. The court notes that Plaintiff is currently housed at the Muskegon Correctional Facility

---

[1] The Complaint also alleges that Defendant violated a court order issued in a separate case by refusing to cater Seder Dinner or allow Jewish inmates to have 2 guests at such (Dkt. #1, Complaint, p. 3).

(MCF).

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result *to the applicant* before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Federal Rules of Civil Procedure Rule 65 (emphasis supplied).

Plaintiff has not articulated how *he* will suffer irreparable harm should the Holy Torah at issue be removed from JMF without following the tenets of Jewish law – especially when Plaintiff is housed at MCF. Its obvious that the mistreatment of this holy book would be very upsetting to a person in Plaintiff's position, but Plaintiff has not articulated how the treatment of this Torah effects Plaintiff's federal rights. Further, this issue is not part of Plaintiff's underlying complaint and is only loosely associated with the allegations made in that complaint. Therefore, Plaintiff's motion for a temporary restraining order is denied.

SO ORDERED.

Dated: March 21, 2007                         s/Steven D. Pepe
Ann Arbor, Michigan                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Linda M. Olivieri, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Curwood Price # 220572, Muskegon Correctional Facility, 2400 S. Sheridan Rd., Muskegon Heights, MI 49442

                                            s/ James P. Peltier
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church St.
                                            Flint, MI 48502
                                            810-341-7850
                                            pete_peltier@mied.uscourts.gov