**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CURWOOD L. PRICE,

    Plaintiff,                             Case No. 05-71403

vs.                                         CHIEF JUDGE BERNARD A. FRIEDMAN,
                                             HONORABLE STEVEN D. PEPE

PATRICIA CARUSO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this action on September 29, 2005, pursuant to 28 U.S.C §2201, alleging that defendant Patricia Caruso, as the director of the Michigan Department of Corrections (MDOC), violated his freedom of religion by disallowing inter-complex travel for prisoners, thereby preventing the prisoners in the two complexes at issue from reaching the minimum number of participants required to hold the annual Passover Seder Dinner and weekly Sabbath services (Dkt. # 1, Complaint, p. 2).[1]

All pretrial proceedings have been referred to the undersigned. Pursuant to 28 U.S.C. §636(b)(1)(A), requests for injunctive relief require a report and recommendation. *Id.* For the reasons stated below, IT IS RECOMMENDED that Plaintiff's motion be DENIED.

In previous decisions, made final on December 19, 2006, by denial of Plaintiff's motion for reconsideration, this Court dismissed Plaintiff's claims for injunctive and declaratory relief because Plaintiff is no longer incarcerated at the Southern Michigan Correctional Facility

---

[1] The Complaint also alleges that Defendant violated a court order issued in a separate case by refusing to cater Seder Dinner or allow Jewish inmates to have 2 guests at such (Dkt. #1, Complaint, p. 3).

("JMF").  The Court found that Plaintiff may have stated a damages claim against Defendant under the Religious Land Use and Institutionalized Persons Act ("RLUIPA," 42 U.S.C. § 2000cc, *et seq*.).

On March 8, Plaintiff, without seeking to amend his complaint, filed a motion for a temporary restraining order to prevent removal and certain inappropriate handling of a Holy Torah in JMF when that facility is closed as is anticipated.  Plaintiff's RLUIPA damages claim over past interference with certain religious practices does not give Plaintiff standing, nor this Court jurisdiction, to police MDOC on all aspects of its administration concerning religious practices or its preservation and handling of sacred religious texts.  Plaintiff's motion is based largely on speculation that MDOC is not sensitive to and will not take reasonable and appropriate steps to preserve and properly handle this Holy Torah in moving it to another site.

In this motion for a temporary restraining order Plaintiff requests, among other things, that this Court prevent Defendant from "closing or abandoning" JMF due to the presence of the Holy Torah, that it only be moved by a Barhu Kohen Vezot and that the Holy Torah be moved with its " 'standing' Ark (cabinet)."  As noted in its prior decisions, Plaintiff is no longer housed at JMF, but is currently housed at the Muskegon Correctional Facility (MCF).

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result *to the applicant* before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Federal Rules of Civil Procedure Rule 65 (emphasis supplied).

Even if his Court were to adopt Plaintiff's speculation that MDOC will move this Holy Torah without respecting the tenets of Jewish law, Plaintiff has not articulated how *he* will suffer

irreparable harm – especially when Plaintiff is housed at MCF and not JMF.  While it is obvious that the mistreatment of this sacred text would be very upsetting to a person in Plaintiff's position, Plaintiff has not articulated how the treatment of this Torah effects Plaintiff's federal rights or remaining claims involved in this litigation.

Therefore, IT IS RECOMMENDED that Plaintiff's motion for a temporary restraining order be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: March 23, 2007                                         s/Steven D. Pepe
Ann Arbor, Michigan                                           United States Magistrate Judge


### CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Linda M. Olivieri, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Curwood Price, #220572, Muskegon Correctional Facility, 2400 S. Sheridan Rd., Muskegon Heights, MI 49442

                                                          s/ James P. Peltier
                                                          James P. Peltier
                                                          Courtroom Deputy Clerk
                                                          U.S. District Court
                                                          600 Church St.
                                                          Flint, MI 48502
                                                          810-341-7850
                                                          pete_peltier@mied.uscourts.gov