UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

        Plaintiff,                              Case No. 05-71403

vs.                                         CHIEF JUDGE BERNARD A. FRIEDMAN,
                                           HONORABLE STEVEN D. PEPE

PATRICIA CARUSO,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY HEARING (DKT. #66) AND PRETRIAL RULING (DKT. # 71)**

Plaintiff filed this action on September 29, 2005, alleging that defendant Patricia Caruso, as the director of the Michigan Department of Corrections (MDOC), violated his freedom of religion by disallowing inter-complex travel for prisoners, thereby preventing the prisoners in the two complexes at issue from reaching the minimum number of participants required to hold the annual Passover Seder Dinner and weekly Sabbath services (Dkt. # 1, Complaint, p. 2).[1]

All pretrial proceedings have been referred to the undersigned. For the reasons stated below Plaintiff's motions are DENIED.

**Motion For Pretrial Ruling**

In previous decisions, made final on December 19, 2006, by denial of Plaintiff's motion for reconsideration, this Court dismissed Plaintiff's claims for injunctive and declaratory relief because Plaintiff is no longer incarcerated at the Southern Michigan Correctional Facility

---

[1]The Complaint also alleges that Defendant violated a court order issued in a separate case by refusing to cater Seder Dinner or allow Jewish inmates to have 2 guests at such (Dkt. #1, Complaint, p. 3).

("JMF").  The Court found that Plaintiff may have stated a damages claim against Defendant under the Religious Land Use and Institutionalized Persons Act ("RLUIPA," 42 U.S.C. § 2000cc, *et seq.*).

One part of Plaintiff's pending RLUIPA claim is based upon an order in *Whitney v. Brown*, 882 F.2d 1068 (6th Cir. 1989).  The eighteen year old Sixth Circuit opinion in *Whitney* required MDOC to allow inter-complex travel of prisoners for certain religious gatherings.  *Id.* at 1073-74.  Though the conditions at the prison have now admittedly changed and the *Whitney* Court acknowledged that later changes "might raise questions concerning inmates' inter-complex travel" in the future, *Id.* at 1075, in the present lawsuit Plaintiff challenges the provisions of  MDOC policies disallowing inter-complex travel as violative of *Whitney*.

In his present motion for a pretrial ruling, Plaintiff asks that this Court find that Defendant should have filed a Fed. R. Civ. P 60(b) motion for relief from judgment before implementing the policy disallowing inter-complex travel.  This motion is DENIED.

Asking the question whether or not Defendant should have filed a Rule 60(b) motion in *Whitney* seeking relief from the judgment in that case before implementing the policy at issue in this matter is just another way of seeking a final determination regarding one of the material facts at issue in this matter – i.e. whether the final order in *Whitney* prohibited Defendant from legally implementing the policy at issue.  An affirmative answer requires that this Court revalidate the *Whitney* order under the current conditions at the prison complex.  Ignoring for a moment that (a.) the present motion is lacking in the factual support needed to make such a determination, i.e. evidence regarding the current Jewish inmate populations in the various units and the number of actual participants in the religious ceremonies/celebrations at the very least and (b.) this issue was addressed in the context of Defendant's motion for dismissal and Chief

Judge Bernard Friedman found that there existed a genuine issue of material fact on the subject (Dkt. #40, pp. 12-13), the Court notes (as was noted in the aforementioned opinion) that in the *Whitney* matter in April 2004, Judge John Corbett O'Meara denied a non-party's motion for civil contempt, temporary restraining order and preliminary injunction attempting to stop the implementation of the same policies about which Plaintiff now complains, stating that the party was not likely to succeed on the merits of his motion because

> [s]ignificant changes in circumstances in the prisons in the Jackson, Michigan area have occurred since the Whitney decision rendered in 1989. A large section of the Central Complex is no longer operational, including the chapel where the Whitney plaintiffs congregated for weekly Sabbath services. Importantly, the newer SMT and JMF facilities have their own chapel areas available for prisoners of all religions; and each facility now houses a sufficient Jewish prisoner population to the minyan requirements for Sabbath services and the preferred community for Seder.

(Case No. 86 -71529, Dkt. # 141).

Because Plaintiff has not provided any evidence to support a contrary finding Plaintiff's motion to direct Defendant how to proceed is denied.

**Motion for Discovery Hearing**

Plaintiff's motion for a discovery hearing is DENIED without prejudice.

Plaintiff has not attached a "verbatim recitation" of the discovery request he has submitted to Defendant and has not certified that he has "in good faith conferred or attempted to confer with the party not making the [requested] disclosure in an effort to secure the disclosure without court action" as required by Fed. R. Civ. P. 37(a)(2)(A) and E.D. Mich. LR 37.1 and 37.2. Therefore, Plaintiff's motion could be denied on this basis alone.

Further, Plaintiff has indicated that Defendant responded to the request at issue on February 23, 2007, albeit, apparently, in a manner which is unacceptable to Plaintiff. The undersigned cannot make a ruling on the sufficiency of the answers because no information has been provided regarding

what information was sought and what responses were provided as is required by LR 37.2. Therefore, the motion is denied without prejudice to Plaintiff filing a motion to compel discovery if he can show that the response(s) Defendant provided to the discovery request did not comply with the applicable discovery rules.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

| | |
|---|---|
| Dated: April 30, 2007 | s/Steven D. Pepe |
| Ann Arbor, Michigan | United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Linda M. Olivieri, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: David E. McGruder, 841 Steamboat Springs Dr., Rochester Hills, MI 48309

                                            s/ James P. Peltier
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church St.
                                            Flint, MI 48502
                                            810-341-7850
                                            pete_peltier@mied.uscourts.gov